UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LEE DAVIS,**

        **Plaintiff,**                **CIVIL ACTION NO. 06-CV-13704-AA**

   vs.

                                  **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**SAVITHRI KAKANI, et al.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION
## TO APPOINT COUNSEL
## AND
## GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel filed on March 28, 2007 (docket no. 24), and Plaintiff's Motion to Amend Complaint filed on April 10, 2007 (docket no. 26). All pretrial matters have been referred to the undersigned for decision. (Docket no. 29). The Court disposes with oral argument on these motions. E.D. Mich. LR 7.1(e). Defendants have not responded to the motions, and the time for responding has now expired. These motions are now ready for ruling.

This is a civil rights action filed by a state prisoner. Rule 15(a), Fed. R. Civ. P., provides that a party may amend its pleading once as a matter of course prior to service of a responsive pleading or within twenty days of serving its pleading if no responsive pleading is required. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P.

15(a). The decision whether to permit amendment is committed to the discretion of the trial court. *Lucas v. Schneider Nat'l Carriers, Inc.*, 953 F.2d 644 (6th Cir. 1992) (unpublished).

Plaintiff wishes to amend his Complaint to add as an exhibit his step III prison grievance response. (Docket no. 26). The Court finds that amendment to this extent should be allowed under Fed. R. Civ. P. 15(a). Accordingly, Plaintiff's motion will be granted.

Plaintiff also asks for counsel to be appointed for him in this action. (Docket no. 24). The Court may appoint counsel under 28 U.S.C. § 1915(e)(1). However, the appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Appointment of counsel is justified only in exceptional circumstances. *Id.* Factors relevant to the decision of appointing counsel are the type of case, the abilities of the plaintiff to represent himself, and the complexity of the issues involved. *Id.* After considering these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff's motion for the appointment of counsel will therefore be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (docket no. 26) is **GRANTED** as set out above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (docket no. 24) is **DENIED.**

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 27, 2007                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Lee Davis and Counsel of Record on this date.

Dated: June 27, 2007                    s/ Lisa C. Bartlett
                                        Courtroom Deputy