# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LEE DAVIS,**

       **Plaintiff,**                **CIVIL ACTION NO. 06-CV-13704-AA**

  vs.

                                **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**SAVITHRI KAKANI, et al.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** Defendants' Motion to Dismiss filed on November 15, 2006 (docket no. 8) should be **GRANTED**, and this action should be dismissed without prejudice to allowing Plaintiff to refile it along with the filing fee.

**II. REPORT:**

    *A.    Facts and Procedural History*

This matter comes before the Court on the Motion to Dismiss filed by all Defendants. (Docket no. 8). Plaintiff has responded to the motion. (Docket no. 10). Defendants have filed a Reply brief, and Plaintiff has filed a Sur-Reply brief. (Docket nos. 11, 12). Defendants have filed a Sur-Sur-Reply brief. (Docket no. 13). All pretrial matters have been referred to the undersigned for decision or recommendation. (Docket no. 29). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is now ready for ruling.

Plaintiff is an inmate incarcerated at the Gus Harrison Correctional Facility. (Docket no. 1). Defendants are two physician's assistants at the Gus Harrison Institution (Kakani and Fraser) and two medical doctors at that facility (Stuenkel and Prasad). He alleges that all four Defendants have

-1-

violated his Eighth Amendment rights by being deliberately indifferent to his need for medical treatment and back surgery. (*Id.* at 7). Plaintiff also alleges that Defendants Stuenkel and Fraser failed to provide him with needed pain medication for over 11 months in violation of the Eighth Amendment. Finally, Plaintiff contends that all Defendants failed to provide medical treatment for his diabetic neuropathy causing him to be in pain for over 2 years, also in violation of his Eighth Amendment rights. (*Id.*) A detailed recitation of the facts in Plaintiff's Complaint is not necessary. The relevant facts will be set out in the analysis section of this Recommendation. Plaintiff seeks injunctive and declaratory relief as well as damages. (*Id.* at 7-8).

Plaintiff filed his Complaint on August 21, 2006. Defendants moved to dismiss this action on two grounds on November 15, 2006. Defendants contend that Plaintiff has failed to exhaust and failed to show that he has exhausted his administrative remedies and that the Court should bar Plaintiff from proceeding *in forma pauperis* because he has had three prior dismissals for failure to state a claim or because the complaints were frivolous under 28 U.S.C. § 1915(d) and (g). These are the two bases upon which Defendants move for dismissal. The Court will address first Defendants' contention that Plaintiff should not be allowed to proceed IFP.

  B. *Standard of Law*

The statute governing proceedings *in forma pauperis* prohibits a prisoner from proceeding IFP if, while he was incarcerated or detained, he has on 3 or more occasions "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

  C. *Analysis*

Defendants contend that Plaintiff has four qualifying "strikes," or dismissals which count against him for future IFP filings under section 1915(g). Plaintiff has already been granted IFP status in this action. (Docket no. 3). Defendants thus argue that Plaintiff's IFP status should be revoked and this action should be dismissed without prejudice to Plaintiff refiling it along with the required filing fee. According to Defendants, Plaintiff's previous qualifying dismissals are: (1) Case no. 2:94-CV-70335 (E.D. Mich. Mar. 21, 1994); (2) Case no. 2:95-CV-73324 (E.D. Mich. Mar. 18, 1996); (3) Case no. 1:97-CV-00778 (W.D. Mich. Oct. 14, 1997); and (4) Case no. 5:06-CV-11006 (E.D. Mich. Mar. 23, 2006). (Docket no. 8 at 4-5).

1. *Plaintiff's Strikes*

Plaintiff agrees with Defendants that before filing this action he has filed "at least four civil" actions that have been dismissed as either frivolous or because they failed to state a claim for relief. (Docket no. 10 at 8). Plaintiff disagrees, however, that this action should be dismissed because he contends that he is under imminent danger of serious physical injury and should be allowed to proceed IFP in spite of his qualifying dismissals. (*Id.*). He claims that he has a spinal condition, "Brown-Sequard Syndrone with a Spastic Hemiparesis," which places him "at further risk of serious physical injury." (*Id.*). Plaintiff says that he fell on March 23, 2006 and was paralyzed for 45 minutes. (*Id.*).

Even though Plaintiff does not contest Defendants' assertion that he has sustained four "strikes" under section 1915(g), the Court will briefly examine this issue. Two of the dismissals cited by Defendants are clearly strikes under section 1915(g). In case no. 94-CV-70335, the court dismissed as "frivolous pursuant to § 1915(d)" Plaintiff's action against the defendants. (Docket no. 9, ex. P at 7). This action was filed when Plaintiff was a prisoner. (*Id.* at 1). It thus qualifies as Plaintiff's first strike. In case no. 97-CV-00778, the court dismissed Plaintiff's complaint "for failure

-3-

to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)." (Docket no. 8, ex. F). This case was filed when Plaintiff was a prisoner. (*Id.*). Therefore, this counts as Plaintiff's second strike.

In case no. 95-CV-73324, filed by Plaintiff as a prisoner, the court accepted the Magistrate Judge's Report and Recommendation and granted the Defendants' motion for summary judgment. (Docket no. 9, ex. R). Although such a dismissal does not seem to fall into the category of qualifying dismissals under section 1915(g), a review of the Magistrate Judge's Report and Recommendation shows that the court found that Plaintiff had failed to state a claim upon which relief could be granted. First, Plaintiff raised a Fourth Amendment search and seizure claim. The Magistrate Judge found that even if Plaintiff's allegations regarding the search of his cell were accepted as true, "he still has not stated a federally cognizable Fourth Amendment claim." (*Id.* ex. Q at 3). Plaintiff's other claim in that case was that Defendants interfered with his access to the courts. The Magistrate Judge found that even if there was a dispute over whether some of Plaintiff's legal materials were improperly confiscated or destroyed, "he still failed to show any actual prejudice by that withholding or destruction and has failed to state a claim upon which relief may be granted." (*Id.* at 6). Accordingly, this dismissal was based on Plaintiff's failure to state a claim for relief and therefore qualifies as Plaintiff's third strike.

Finally, in case no. 06-CV-11006, the court summarily dismissed Plaintiff's complaint without prejudice for failure to demonstrate exhaustion of administrative remedies as to claims against prison medical personnel and with prejudice as to Michigan Department of Corrections Director Caruso for failure to state a claim against that defendant. (Docket no. 8, ex. H). Plaintiff was a prisoner when he filed that action. (*Id.*). The question is therefore whether such a mixed dismissal counts as a strike. In *Patton v. Jefferson Corr. Ctr.,* 136 F.3d 458, 463-64 (5th Cir. 1998), the

court held that a prior dismissal was a strike when the court dismissed the prisoner's section 1983 claim with prejudice as frivolous and also construed the complaint as seeking habeas relief and dismissed that claim without prejudice for failure to exhaust state court remedies. The court reasoned that although the dismissal without prejudice of the habeas claim does not equate to a finding of frivolousness, the claim was premature as a matter of law. The court found that such a dismissal "more closely parallels [a conclusion of frivolousness] than it does a determination of non-frivolousness." *Id.* at 464; *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."); *Smith v. Duke*, 296 F. Supp. 2d 965, 968 (E.D. Ark. 2003) ("A strike would probably be in order if this case were dismissed in part as frivolous, regardless of the basis for the other part of dismissal."). Finally, the concept of separability of claims for purposes of counting strikes is exemplified by *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004). The *Boriboune* court, in addressing a situation where prisoners were proceeding jointly as plaintiffs in a section 1983 action, reasoned that each prisoner takes the risk of any claim in the complaint being counted as a strike against him regardless of whether the claim concerns him personally. When "any claim in a complaint or appeal is 'frivolous, malicious, or fails to state a claim upon which relief may be granted,' all plaintiffs incur strikes." *Id.* Accordingly, the mixed dismissal in case no. 06-CV-11006 counts as Plaintiff's fourth strike.

    2. *Imminent Danger of Serious Physical Injury*

Because Plaintiff has on three or more prior occasions while incarcerated brought an action that was dismissed as frivolous or dismissed because it failed to state a claim for relief, Plaintiff may not again proceed IFP unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The prisoner must be under "imminent danger" at the time he files the action or submits

his motion to proceed IFP.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).  Allegations that the prisoner faced danger in the past is insufficient to allow him to proceed IFP.  *Abdul-Akbar*, 239 F.3d at 311.  Imminent is defined as "ready to take place" or "near at hand."  Webster's Third New Int'l Dictionary 1130 (2002).  Allegations of danger that are of a speculative nature will not suffice as well.  *Swenson v. Pramstaller*, 169 Fed. App'x 449 (6th Cir. 2006) (allegations that prisoner sleepwalks and may fall off top bunk, thrash about in his cell injuring himself or others, or upset the prison population as a whole resulting in retaliation against him found not to constitute imminent danger of serious physical injury).

Plaintiff claims that he is under imminent danger if his spinal condition is not treated.  (Docket no. 10 at 7).  He refers to his Complaint where he alleges that he fell on March 23, 2006 and was paralyzed for 45 minutes.  (*Id.*).  Plaintiff also refers to the consultation note from a physician and an information page on Brown-Sequard Syndrome.  (*Id.*)  Plaintiff's fall occurred about five months before Plaintiff filed his Complaint and sought IFP status.  He fails to show how this fall five months earlier placed him in imminent danger as of the time he filed his Complaint.

The consultation note of Dr. Rengachary is dated May 22, 2003.  (Docket no. 10, ex. G).  The note reveals that Plaintiff's back pain began in 1997 when he was in jail.  Plaintiff underwent surgery on his back twice and underwent physical therapy, apparently in 1997, although he continued to have residual Brown-Sequard syndrome.  In 1999, Plaintiff developed low back pain and underwent lumbar surgery.  Plaintiff was again complaining of back pain to Dr. Rengachary in 2003.  The doctor noted that Plaintiff walked with a walker most of the time.  Plaintiff's MRI revealed degenerative disease from L2 to S1.  Dr. Rengarchary wrote that his "impression is that he will require eventually multilevel lumbar fusion from L2 to S1 but prior to initiating that we will treat

him medically with pain management with hydrocodone. We will obtain all the previous operative records and then determine what treatment plan needs to be undertaken." (*Id.*). Plaintiff returned to prison on May 26, 2004, about a year after this note was written. (Docket no. 1 at 3).

The information page Plaintiff produced states that Brown-Sequard syndrome is a rare neurological condition caused by a lesion in the spinal cord which results in weakness or paralysis on one side of the body and a loss of sensation on the opposite side. Treatment "focuses on the underlying cause of the disorder. Early treatment with high-dose steroids may be beneficial in many cases. Other treatment is symptomatic and supportive." (Docket no. 10, ex. H).

As stated above, Plaintiff presents three claims for relief in his Complaint. (Docket no. 1 at 7). Plaintiff claims that additional back surgery was scheduled before his incarceration, however Dr. Rengachary's note reveals only that more surgery may eventually be needed but that in the mean time Plaintiff would be treated with pain medications. A year passed before Plaintiff returned to prison apparently without this surgery being performed. Plaintiff claims that pain medicine was withheld from him, but this failure was rectified in June 2005, over a year before he filed his Complaint, when the MDOC's Pain Clinic prescribed three medications for Plaintiff's pain. (*Id.* at 4-5). Plaintiff says that these medications did not help alleviate his pain, but he was given the medicine at this time. (*Id.*) Finally, Plaintiff seeks relief for Defendants' alleged failure to treat the pain caused by his diabetes. (*Id.* at 7).

Plaintiff clearly has substantial health problems. Defendants have treated him with pain medication and physical therapy. (Docket no. 1). Plaintiff may disagree with whether the treatments were appropriate or timely, but a prisoner's disagreement with a prison physician over the course of his treatment does not state a claim of deliberate indifference under the Eighth Amendment. *See Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). This is so even if a misdiagnosis results in an

inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, 1997 WL 160322 (6th Cir. Apr. 4, 1997); *Davis v. Opicka*, No. 1:97CV778 (E.D. Mich. Oct. 14, 1997) (Ex. F, docket no. 8). This Court is not now deciding whether Plaintiff has stated claims upon which relief may be granted, however the elements of his claims inform the decision of whether he has shown an imminent danger of serious physical injury. Plaintiff was receiving pain medication at the time he filed his Complaint. Therefore, this claim fails to show any imminent danger at that time. Plaintiff complains about the pain from his diabetic condition, however there is no showing that this claim presents any imminent danger of serious physical injury given the pain medication that was given to Plaintiff. Finally, although a back condition such as that described by Plaintiff could possibly present an imminent danger, Plaintiff has failed to show that his condition presented an imminent danger at the time he filed his Complaint. The medical information he submitted shows that even his non-prison physician was content in 2003 to treat Plaintiff with pain medication, and apparently did for a year, pending his receipt of further information. There is no showing of any change which might present an imminent danger as of August 2006.

Accordingly, Plaintiff has failed to show that he was under imminent danger of serious physical injury. Plaintiff is therefore precluded under 28 U.S.C. § 1915(g) from proceeding in this action with IFP status. Plaintiff's IFP status should be revoked and this action should be dismissed without prejudice to Plaintiff refiling this action with the required filing fee.[1] *Wilson v. 52nd District Court*, 2002 WL 1009561 (E.D. Mich. Apr. 25, 2002).

---

[1] There are several pending motions in this case. The discovery motions (docket nos. 14, 15, 23) do not affect the resolution of this motion and will be moot if this Report and Recommendation is accepted. Plaintiff's Motion to Appoint Counsel (docket no. 24) is denied and his Motion to Amend Complaint (docket no. 26) is granted in an Order entered contemporaneously with this Report and Recommendation. The amendment of Plaintiff's Complaint does not affect the resolution of this motion. Finally, given the above recommendation, the Court finds no need to address Defendants' second basis for dismissal–Plaintiff's alleged failure to exhaust administrative remedies.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: June 28, 2007                             s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Lee Davis and Counsel of Record on this date.

Dated: June 28, 2007                      s/ Lisa C. Bartlett
                                                Courtroom Deputy